UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-01018-AB-DSR | Date: | March 20, 2026 |
|---|---|---|---|

Title:   *Akbota Zhalekeyeva v. Kristi Noem et al.*

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING PETITIONER A PRELIMINARY INJUNCTION**

On March 11, 2026, the Court issued a Temporary Restraining Order ("TRO," Dkt. No. 9) ordering Respondents to immediately release Petitioner Akbota Zhalekeyeva ("Petitioner") from their custody, among other relief. The Court also issued an order to show cause why a preliminary injunction should not issue, and set a briefing schedule and hearing on the same.

On March 12, the parties filed a Joint Statement stating that Respondents released Petitioner from their custody on March 11. *See* Joint Report (Dkt. No. 10).

On March 12, Respondents filed a Response to the OSC (Dkt. No. 11), arguing that because Petitioner was released, the OSC regarding a preliminary injunction was moot and should be denied on that basis. Respondents further suggested that the entire case is moot and should be dismissed. Respondents did not respond to the merits of Petitioner's underlying claims.

On March 19, Petitioner filed a Reply in support of the Court entering a preliminary injunction, arguing that the issues raised are not moot.

The Court has considered both positions and recognizes that courts have come down on either side of this question. However, for the reasons well-explained in Petitioner's Reply, the Court concludes that Petitioner's claims were not mooted by her release. In *Nielsen v. Preap*, 586 U.S. 392, 402–04 (2019), the Supreme Court held that a petitioner's release from immigration detention pursuant to preliminary injunctive relief did not moot a habeas petition because "[u]nless [a] preliminary injunction was made permanent . . . these individuals faced the threat of re-arrest and mandatory detention." This reasoning applies here: "[o]nce the TRO expires and absent a preliminary injunction, [Petitioner] faces the continued 'threat of re-arrest and mandatory detention.' [] This continued threat of re-detention necessarily means that the issue of [Petitioner's] entitlement to freedom from re-detention absent compliance with due process—one of [Petitioner's] requested remedies—is still 'live' and in controversy" and therefore is not moot. *Singh v. Marin*, 2026 WL 559767, at *2 (C.D. Cal. 2026) (citing *Nielsen*, supra). The Court agrees and rejects Respondents' argument that the OSC and Petitioner's habeas petition more generally are moot.

For the reasons that the Court already explained in its TRO, which it will not repeat here, the Court finds that Petitioner has satisfied all of the *Winter* factors and that a preliminary injunction is appropriate to protect her right to due process.

## CONCLUSION

The Court **GRANTS** Petitioner Akbota Zhalekeyeva a Preliminary Injunction. For the duration of this habeas action, the Court **ENJOINS** Respondents from re-detaining Petitioner without notice of the reasons for revocation of her parole and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted. At any such hearing, Respondents bear the burden of establishing that Petitioner poses a risk of flight or danger to the community.

The hearing set for March 24, 2026 is **VACATED**. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. Consistent with General Order 05-07, any further proceedings in this case are referred to Magistrate Judge Roberts.

**IT IS SO ORDERED**.